**Electronically Filed
Intermediate Court of Appeals
30392
02-JUN-2011
07:52 AM**

NO. 30392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GREGORY KEITH AYERS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0438)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Gregory Keith Ayers (Ayers) appeals from the Amended Judgment of Conviction and Sentence filed on February 11, 2010 in the Circuit Court of the First Circuit[1] (circuit court).  On September 11, 2009, a jury found Ayers guilty of Burglary in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-811 (1993).[2]

On appeal, Ayers contends:

(1)  Judge Dexter D. Del Rosario (Judge Del Rosario) erroneously refused to recuse himself.

---

[1]  The Honorable Dexter D. Del Rosario presided.

[2]  HRS § 708-811 provides in relevant part:

> §708-811  **Burglary in the second degree.**  (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

(2) The circuit court erroneously allowed improper impeachment of a defense witness.

(3) The circuit court erroneously refused to give Ayers' requested jury instructions and erroneously instructed the jury.

Ayers asks this court to vacate the judgment and remand his case for a new trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ayers' points of error as follows:

(1) The circuit court did not abuse its discretion when it denied Ayers' motion to disqualify Judge Del Rosario. On appeal, Ayers contends the circuit court erred when it denied his motion to disqualify because (1) Judge Del Rosario's impartiality might reasonably be questioned because he had sentenced Kiyuna, Ayers' witness, "to a maximum sentence and was still handling Kiyuna's pending criminal matters," and (2) Judge Del Rosario's refusal to recuse himself violated the doctrine of "law of the case."

Ayers did not file an affidavit, as required by HRS § 601-7(b) (1993 & Supp. 2010), stating "the facts and the reasons for the belief" that Judge Del Rosario had "a personal bias or prejudice either against the party or in favor of any opposite party to the suit."

> If the alleged bias falls outside of the provisions of HRS § 601-7, the court may then turn, if appropriate, to the notions of due process described in [State v. Brown, 70 Haw. 459, 776 P.2d 1182 (1989)] in conducting the broader inquiry of whether "circumstances . . . fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on [the judge's] impartiality."

State v. Ross, 89 Hawai'i 371, 377, 974 P.2d 11, 17 (1999). Ayers' first argument on appeal that Judge Del Rosario's impartiality might reasonably be questioned because he had sentenced Kiyuna to a maximum sentence and was still handling

Kiyuna's pending criminal matters is without merit because the Hawai'i Supreme Court has long recognized "that petitioners may not predicate their claims of disqualifying bias on adverse rulings, even if the rulings are erroneous." Id. at 378, 974 P.2d at 18.

Ayers further argues that Judge Del Rosario violated the doctrine of "law of the case" because Judge Del Rosario refused to recuse himself from a similar situation in which Judge Lee had recused himself. Assuming arguendo that the "law of the case" did apply, Judge Del Rosario had cogent reasons not to recuse himself because

> a judge owes a duty not to withdraw from a case -- howevermuch his personal feelings may incline him to do so -- where the circumstances do not *fairly* give rise to an appearance of impropriety and do not *reasonably* cast suspicion on his impartiality.

[Brown, 70 Haw. at 467 n.3, 776 P.2d at 1188 n.3.]

Ross, 89 Hawai'i at 377, 974 P.2d at 17.

(2) The circuit court did not abuse its discretion when it allowed the Deputy Prosecuting Attorney (Prosecutor) to impeach defense witness James Haggerty (Haggerty) regarding his prior convictions for forgery and theft. Ayers argues on appeal that there was an inadequate showing that Haggerty's forgery and theft convictions related to the issue of truth or veracity and his convictions did not have probative value on the issue of truth or veracity. Hawai'i Rules of Evidence Rule 609 states in relevant part:

> Rule 609 Impeachment by evidence of conviction of crime. (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime is inadmissible except when the crime is one involving dishonesty.

The record indicates that Haggerty had been convicted of forgery and theft because he had been caught using fake checks in conjunction with a fake identification to purchase goods from Circuit City, which goods he later returned, using the fake identification, to receive a cash refund. The Hawai'i Supreme

3

Court held in a similar case that the "possession of false identification cards, and assorted activities undertaken therewith, were probative of untruthfulness." State v. Culkin, 97 Hawai'i 206, 221, 35 P.3d 233, 248 (2001). Finally, Haggerty himself admitted that his conviction involved dishonesty:

> Q.    [Prosecutor]  Having an ID and passing it off as someone else, you weren't being truthful; is that correct?
>
> A.    [Haggerty]  Yeah, I guess, yeah.

(3)   Ayers contends that Attempted Burglary in the Second Degree is clearly an included offense of Burglary in the Second Degree and there was a rational basis to support its inclusion in the instructions to the jury.

The circuit court gave jury instructions for Burglary in the Second Degree and Criminal Trespass in the Second Degree, but not Attempted Burglary in the Second Degree. The jury convicted Ayers of Burglary in the Second Degree. Assuming arguendo that it was error for the circuit court not to include Ayers' proposed jury instructions on Attempted Burglary in the Second Degree,[3] such error, however,

> is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury in reaching a unanimous verdict as to the charged offense or as to the greater included offense, would not have reached, much less considered, the absent lesser offense on which it should have been instructed.
>
> [State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d 246, 256-57 (2001).]
>
> [State v. Pauline, 100 Hawai'i 356, 381, 60 P.3d 306, 331 (2002).]

---

[3]   Without the jury instruction on Attempted Burglary in the Second Degree, there was no basis to give Ayers' requested jury instruction on renunciation, which was contingent on the giving of the Attempted Burglary in the Second Degree jury instruction.

State v. Gunson, 101 Hawai'i 161, 166, 64 P.3d 290, 295 (App. 2003).

Therefore,

The Amended Judgment of Conviction and Sentence filed on February 11, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 2, 2011.

On the briefs:

Keith Shigetomi
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge